## H. H. SCHONBERG v. JOHN M. HAUBRIS AND ANOTHER.[1]

### December 6, 1918.

### No. 21,086.

**Vendor and purchaser — rescission of executed contract for misrepresentation.**

Plaintiff sought to rescind an executed contract for the purchase of an irregular shaped tract of land on the ground that defendant had fraudulently misrepresented the number of acres contained in the tract. *Held* that the evidence is sufficient to sustain the finding of the trial court

[1] Reported in 169 N. W. 546.

that defendant made no misrepresentations, and that plaintiff in making his purchase did not rely upon any representation of defendant as to the quantity of land.

Action in the district court for Lac qui Parle county to rescind a certain contract and to recover $1,500 paid thereon. The answer prayed that the contract be reformed by striking therefrom the words "containing 59 acres more or less" and by striking out the expressed consideration of $3,150 and inserting therein and in lieu thereof the true consideration, namely, $2,725. The case was tried before Daly, J., who made findings and ordered judgment in favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*C. D. Bensel* and *C. A. Fosnes,* for appellant.

*J. M. Freeman* and *J. O. Haugland,* for respondent.

TAYLOR, C.

Defendant owned an irregular shaped parcel of land lying within a bend of the Minnesota river and of which the river formed the greater part of the boundary. He sold and conveyed the land to plaintiff and received payment in full therefor. Thereafter plaintiff brought this action to rescind the executed contract, and to recover the consideration with which he had parted, and alleged as the ground therefor that defendant had fraudulently represented that the parcel of land contained 59 acres when in fact it contained less than 37 acres. The trial court found that defendant had not been guilty of any fraud or deceit, and further that plaintiff had relied upon his own investigation as to the quantity of land and not upon information received from defendant, and directed judgment for defendant. Plaintiff appealed from an order denying a new trial.

Of course the finding that defendant did not make the representations alleged, if fairly supported by the evidence, disposes of the case. Plaintiff testified that defendant made them. Defendant denied making them. The parties entered into a preliminary contract of sale drawn by the cashier of the bank which described the land as "part of lot two (2) in section fourteen (14), township 117, range 41, containing 59 acres more or less." Neither of the parties knew the proper description of the

land when they made this contract. The deed subsequently executed described the land properly by metes and bounds, but contained no statement as to the acreage. Plaintiff relies upon the above contract as establishing a representation that the land contained approximately 59 acres. He testified that the cashier when drawing the contract asked how many acres the land contained, and that defendant replied that it contained 60 acres, but to put it at 59 acres to be safe. Defendant denied making any such statement. He testified that in answer to the question of the cashier he stated that he had never had the land surveyed and did not know the number of acres; that he had heard L. G. Moyer tell one Winslow, the owner of an adjoining tract, that according to a previous survey this tract contained 54 acres; that Moyer's statement was all the information he had as to the acreage; that plaintiff then stated that he, plaintiff, had learned from a map in a real estate office that the tract contained 59.41 acres; that thereupon he, defendant, suggested that they go and examine the map; that the cashier spoke up saying that the quantity was immaterial and made no difference as plaintiff was getting all the land that defendant had and knew what he was getting, and defendant knew what he was to receive for it, and they could insert the words "more or less," and that the cashier then inserted "59 acres more or less." The cashier in his testimony in chief corroborated plaintiff, but in his cross-examination materially weakened his testimony in chief. Eleven days later the transaction was completed by the execution of a deed containing an accurate description of the land by metes and bounds but no mention of the acreage. In addition to the above, both parties presented some evidence to corroborate their differing versions of what had taken place between them.

It was for the trial court which had the parties and the witnesses before it to determine whether the version of the transaction given by plaintiff or that given by defendant was correct, and we think that the evidence sufficiently sustains the finding of the court to the effect that defendant made no misrepresentation as to the quantity of land, and that plaintiff in making his purchase did not rely upon any representation as to quantity made by defendant.

Order affirmed.